**The below described is SIGNED.**

(tjc)

**Dated: January 09, 2007**    /s/ William J. Thurman
**WILLIAM T. THURMAN**
U.S. Bankruptcy Judge



___

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF UTAH

| | |
|---|---|
| In re: | |
| **Tom Hale,** | Bankruptcy Number 05-39359 |
| Debtor. | Chapter 7 |

**MEMORANDUM DECISION DENYING DEBTOR'S MOTION TO RECUSE AND ADDRESSING DEBTOR'S MOTION TO TRANSFER CASE TO DISTRICT COURT**

On January 3, 2007, the Debtor filed a Motion to Recuse, asking the Honorable William T. Thurman to recuse himself from this case. The Debtor did not schedule a hearing on his Motion to Recuse, but on January 5, 2007, he filed a second Motion to Recuse again requesting that the Court recuse itself from this case. Because courts have an independent obligation under 28 U.S.C. § 455 to recuse themselves where cause exists, the Court elects to rule on the Debtor's Motions to Recuse without a hearing scheduled on the matter. Accordingly, the Court issues this Memorandum Decision to encompass its findings of fact and conclusions of law.

### I.    JURISDICTION AND VENUE

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(A). Venue is appropriate pursuant to 28 U.S.C. § 1408(1).

**II.         BACKGROUND**

At the outset, the Court notes that the circumstances surrounding this case extend far beyond those alleged in the Debtor's Motions to Recuse. This case has a long and detailed history. As such, the Court believes it prudent to discuss this history with some particularity.

**A.      Chapter 13**

Tom Hale is a professor of history at the University of Idaho and is licensed to practice law in the state of Idaho. He has practiced bankruptcy law for more than 20 years. He filed for chapter 13 Bankruptcy relief on October 14, 2005, *pro se*. On his Statement and Schedules he listed three Real Property assets. The first property, located in Salt Lake City, was valued at $190,000. The second property, located on 6th Street in Pocatello, Idaho, was valued at $111,000, and the third property, located on 9th Street in Pocatello, Idaho, was valued at $74,000. According to these asserted property values, the estate held no equity in any of the properties. He listed priority debt of $44,000 owing to the Internal Revenue Service.

The Utah Tax Commission filed an Objection to Confirmation, alleging that Mr. Hale had not filed state tax returns for 1998 through 2004. It filed an estimated Proof of Claim for $4,000 in priority unsecured debt, and $4,400 in general unsecured debt. The IRS filed an objection as well, stating that Mr. Hale failed to file a tax return for 2004. The IRS also filed an estimated Proof of Claim for $12,915.25 in priority unsecured debt and $36,602.06 in general unsecured debt. The chapter 13 Trustee filed an Objection to Confirmation for various reasons.

1.      First Confirmation Hearing:

On December 19, 2005, the Court held its first hearing to consider confirmation of Mr. Hale's proposed chapter 13 plan. The plan proposed to pay $600 per month but omitted any personal tax-related claims. The Court continued the hearing to allow Mr. Hale to address the chapter 13 Trustee's objection and the various 'tax issues' raised by the IRS and the Utah Tax Commission. Mr. Hale filed a Response to All Objections which discussed the chapter 13 Trustee's objections but did not mention the concerns of the 'tax related' issues. On December 29, 2006, Mr. Hale filed an amended chapter 13 plan and a Notice of Compliance with Order, stating his belief that he had met all requirements set forth by the Court at the first Confirmation Hearing. The amended plan proposed to pay $670 per month. In actuality, it proposed two alternative plans — one plan if the IRS chose to waive its priority claim and one plan if the IRS sought payment. The proposal treating the IRS's priority debt proposed to pay the debt through his expected tax refunds for a five year period, with the remaining balance to be paid by Mr. Hale after receipt of a discharge.

On January 27, 2006, the IRS amended its Proof of Claim to assert a secured claim for $1,525 and a general unsecured claim for $25,077.06. The IRS then objected to confirmation of Mr. Hale's proposed amended chapter 13 plan because the plan failed to provide for the IRS's secured claim. Mr. Hale amended his plan to treat the IRS's secured claim.

On February 3, 2006, Mountain America Credit Union filed an objection to confirmation arguing that Mr. Hale undervalued its collateral, a 2005 Honda. Mr. Hale's response sought the Court's determination of the Honda's fair market value.

      2.      <u>Second Confirmation Hearing</u>:

On February 14, 2006, the Court held a second confirmation hearing on Mr. Hale's proposed amended chapter 13 plan. The IRS and the Utah Tax Commission each appeared and objected to confirmation, stating that Mr. Hale had not yet filed a federal tax return for 2005, or state tax returns for 1998 through 2004. Without those returns, they argued, neither the IRS nor the Utah Tax Commission could accurately assess the plan's feasibility or the amount of their claims in this case. The Court ordered Mr. Hale to file the missing tax returns within 30 days.

On February 26, 2006, Mr. Hale filed his second amended chapter 13 plan, proposing to pay $670 per month to return $15,665 to general unsecured creditors. The plan was silent as to the IRS and the Utah Tax Commission. Although the Utah Tax Commission's proof of claim asserted a $4,000 priority unsecured claim, Mr. Hale's proposed plan listed estimated priority claims at $0.

National City Mortgage filed an objection to confirmation because the second amended plan failed to address the post-petition arrearage owing on its mortgage obligation. The objection also stated that Mr. Hale had submitted payments to National City to cure a post-petition arrearage, but the chapter 13 plan failed to propose direct payments. Mr. Hale responded by requesting a court order requiring National City to accept his payments.

On April 24, 2006, the Utah Tax Commission amended its Proof of Claim to assert only a $4,400 general unsecured claim and thereafter withdrew its objection to confirmation.

      3.      <u>Third Confirmation Hearing</u>:

On April 27, 2006, the Court held a third confirmation hearing. The Court addressed Mountain America's objection by requiring Mr. Hale to "reasonably cooperate" with the

4

creditor, and by requiring Mr. Hale to make the Honda available for inspection within 10 days. The Court addressed National City's objection by ordering Mr. Hale to amend his chapter 13 plan to provide for a cure of the arrearage through the chapter 13 trustee. The Court addressed the IRS's objection by ordering Mr. Hale to "cooperate" with the IRS regarding tax returns, and by giving the IRS 60 days to amend its proof of claim. The Court specifically stated that it reserved the right to consider dismissal or conversion if the plan was not confirmed at the next hearing.

On June 26, 2006, Mr. Hale filed his third amended chapter 13 plan, proposing payments of $670 per month to return $25,665 to general unsecured creditors. The third amended plan did not address any tax-related claims.

    4.    <u>Motion to Convert</u>:

On July 13, 2006, Mr. Hale filed a Motion to Convert his case to Chapter 7. On the same day, he filed a Motion to Distribute Funds, stating "I have moved to convert this case to a Chapter 7," and seeking turn over of funds held by the chapter 13 Trustee. The Court held a hearing on the Motion to Convert on July 18, 2006 and granted the Motion, entering an Order Converting the Case on July 19, 2006.

**B.    Chapter 7**

Following conversion of the case to one under chapter 7, Elizabeth Loveridge was appointed the chapter 7 Trustee. National City immediately filed a Motion for Relief, alleging that the estate lacked equity in the Salt Lake City property. The Trustee objected, arguing that the estate did indeed have equity in the property. To that end, the Trustee filed a motion to employ a real estate agent, and the Court executed an order thereon.

    1.    <u>Motion to Reconvert</u>:

On September 20, 2006, Mr. Hale filed a Motion to Convert his case back to one under chapter 13, stating that he had retained counsel to address the IRS's claim. The next day, he filed an Ex Parte Motion to Sell the Salt Lake City property. In that Motion to Sell, Mr. Hale stated that he had marketed the Salt Lake City property, had located a buyer and requested that the Court authorize that sale. The Motion expressed frustration that he had forwarded the purchase offer to the Trustee, but the Trustee was allegedly unresponsive. Mr. Hale did not schedule a hearing on the Motion to Sell but did submit a proposed order which if executed would have approved the sale. The Court elected not to sign the order, returning it with the following statement: "The below described is unsigned: only the Trustee is authorized to liquidate assets of the estate."

The chapter 13 Trustee objected to Mr. Hale's Motion to Reconvert to chapter 13, noting that the Debtor's Statement and Schedules valued the Salt Lake Property for significantly less than the sale price advocated in the Motion to Sell. The chapter 13 Trustee argued that re-conversion was not in the best interest of creditors, arguing that since Mr. Hale was not able to obtain confirmation of the several plans filed while in chapter 13 the first time, it was unreasonable to believe that he could obtain confirmation of any other plan. The chapter 13 Trustee also argued that the case had proceeded for over a year causing unreasonable delay to creditors.

The chapter 7 Trustee objected to the Motion to Reconvert, arguing that the Motion was filed in bad faith. The Trustee noted that Mr. Hale purported to have 20 years of experience as a bankruptcy attorney but pointed out seven ways in which the Debtor had obstructed the Trustee's

efforts and exercised improper control over property of the estate.

                2.      <u>Trustee's Motion to Sell the Salt Lake Property</u>

In response to the order authorizing the Trustee's realtor, Mr. Hale objected to the payment of the realtor's fee arguing that any marketing efforts of the property were being done by himself and not by the realtor.

On October 5, 2006, the Trustee filed a Motion to Sell the Salt Lake City property ("Trustee's Motion to Sell"). The Court held an expedited hearing on the Trustee's Motion to Sell on October 16, 2006. At that hearing, Mr. Hale initially stated that he had retained counsel, Mr. Lee Rudd, to represent him at the hearing, but stated that Mr. Rudd was inexplicably absent. At the Debtor's request, the Court continued the hearing to its afternoon calendar. When the Court reconvened, Mr. Hale stated he was still unable to contact Mr. Rudd despite several phone calls to his office.[1] The Court denied Mr. Hale's request to further postpone the hearing, noting that Mr. Rudd had not entered an appearance in the case and that Mr. Hale had prosecuted the case for over a year *pro se*. The Court next considered and denied Mr. Hale's Motion to Reconvert, finding that re-conversion was not in the best interests of creditors. Mr. Hale testified at length regarding his attempts to market the property, and admitted that he had negotiated to sell the Salt Lake City property. He also testified that he saw nothing wrong with his attempts to market and sell the property.

Following a lengthy evidentiary hearing, the Court granted the Trustee's Motion to Sell the Salt Lake City Property, and approved the associated Realtor's fee. The sales price of the

---

[1]Counsel for the IRS represented to the Court that he had been able to reach Mr. Rudd at his office only minutes before the hearing reconvened.

Salt Lake Property was $395,000. The Court specifically stated that the approved sale was to be subject to valid existing leases. The Court executed an order encompassing its ruling on October 19, 2006, which also provided that the sale was subject to valid existing leases.

At the conclusion of the hearing on the Motion to Sell, Mr. Hale filed a Notice of Appeal, which stated that it was an appeal of "all final and interlocutory orders in this case." He also filed a Motion for Stay Pending Appeal, but did not schedule a hearing thereon before the Court. He submitted his Motion for Stay directly to the 10th Circuit Court Bankruptcy Appellate Panel ("BAP"). On November 13, 2006, the BAP issued an Order Denying the Motion for Stay Pending Appeal ruling on the merits of the Motion and finding that Mr. Hale failed to show a strong likelihood of prevailing in his appeal.

On October 23, 2006, Mr. Hale filed an Objection to Trustee's Proposed Order on the Motion to Sell. Through his objection, Mr. Hale argued that the proposed order is "fraught with false and misleading statements that are a violation of rule 9011." Specifically, Mr. Hale argued that, contrary to the language of the proposed order, his conversion from chapter 13 to chapter 7 was not voluntary. He alleged that the Trustee was conflicted in her administration of the case, and also alleged that Judge Thurman "appears to have engaged in a pattern of malfeasance." That Objection has not been ruled upon due to the appeal by Mr. Hale of the sale order and he has not yet elected to present it for hearing.

On the belief that the Trustee is obligated under the sale agreement, which was approved in the Sale Order, to provide the buyer with the Salt Lake property free of Mr. Hale's possession, the Trustee has since demanded that he vacate the premises. The Trustee has asserted that although the Sale Order authorized a sale subject to valid leases, Mr. Hale never held a lease to

the property (i.e. he was an owner).

    3.    <u>Motion to Dismiss</u>:

On October 23, 2006, Mr. Hale filed an Emergency Motion to Dismiss his chapter 7 case. Mr. Hale stated he anticipated his attorney, Mr. Rudd, would negotiate a settlement with the IRS, arguing that dismissal of his case was in the best interests of creditors because it would allow him to pay unsecured creditors directly and to treat the IRS's claim through a tax court. The chapter 7 Trustee argued that dismissal was against the interests of creditors because of Mr. Hale's history of delay in paying creditors. The IRS objected to dismissal, arguing that the Motion was filed in bad faith.

The Court held a hearing on the Motion to Dismiss on October 30, 3006. Mr. Rudd was not present at the hearing, and Mr. Hale proceeded to represent himself *pro se*. Finding that dismissal would not be in the best interests of creditors, the Court denied the Motion. At the October 30 hearing, Mr. Hale requested that the Court rule on his Motion for Stay Pending Appeal. The Court denied the Motion, holding that because the Debtor had filed a similar motion in the appeal to the BAP, the Court lacked jurisdiction to rule on the Motion.

    4.    <u>Trustee's Motion to Turn Over Property</u>:

On November 2, 2006, the Trustee filed a Motion to Turn Over Property, seeking a writ of execution and a writ of assistance requiring the Debtor to vacate all the estate's properties in Pocatello, Idaho. The Motion alleged that Mr. Hale had interfered with the Trustee's attempts to market the properties and refused to allow the Trustee access to his personal apartment at one of the Properties.

The Court held a hearing on the Motion on November 6, 2006. The Court granted the

Motion in part, ordering Mr. Hale to stop collecting rents from the Idaho properties and to "cooperate" with the Trustee in marketing each property. The Court also denied the motion in part, declining to issue a writ of assistance and declining to order Mr. Hale to vacate the properties, but instructed Mr. Hale not to interfere with the Trustee's attempts to market property of the estate.

On November 7, 2006, Mr. Hale filed a second appeal in this case. The Notice of Appeal stated that this was an appeal of "all final and interlocutory orders in this case," and specifically mentioned the Court's rulings on the Motion to Dismiss and the Trustee's Motion to Turn Over Property. Both appeals have since been dismissed by the BAP for failure to prosecute, but Mr. Hale has filed motions in both appeals to reconsider the dismissal orders.

        5.        <u>Post-Sale Events</u>:

Since the Trustee sold the Salt Lake Property, she has continued to investigate the estate and market the Idaho properties. After further investigation, the Trustee filed a Notice of Intent to Abandon the estate's interest in the 6th Street property. Since November, 2006, she has also obtained five orders authorizing Rule 2004 examinations of various parties holding trust deeds on the Idaho properties.

In recent court papers filed with the Court, the Trustee has alleged that following the Court's Sale Order, Mr. Hale recorded a lease on the Salt Lake City property purportedly issued by himself to a third party. The Trustee also asserts that Mr. Hale continues to occupy the Salt Lake property despite her demands for him to vacate. To that end, the Trustee has commenced an action in Utah State Court to evict Mr. Hale. The Trustee has also continued to hold Mr.

Hale's exemption in the proceeds from the sale because, she argues, Mr. Hale has obstructed her attempts to ascertain any waste done to the property.[2]

      6.      <u>January 3, 2006 Motions</u>:

Since the Sale Order, Mr. Hale filed a Motion to Pay Second Trust Deed, a Motion for Turnover of Funds, a Motion to Clarify, a Motion to Abandon and a Motion for Adequate Protection. He scheduled hearings on these motions for January 3, 2007.

The first motion, the Motion to Pay Second Trust Deed, was Mr. Hale's demand that the Trustee satisfy Dan Geery's mortgage interest in the Salt Lake property from the sale proceeds. Prior to filing for bankruptcy relief, an interest on the Salt Lake property owing to Mr. Geery was recorded. Similar interests owing to several other third parties were recorded against the Idaho properties. The Trustee has investigated the other third parties through Rule 2004 examinations and has stated that she believes those recorded interests are avoidable under bankruptcy law as either preferences or fraudulent transfers. These claims are complicated. The Debtor initially scheduled them as unsecured on his Schedule F. On September 21, 2006, the Court granted the Trustee's Motion for a Rule 2004 examination of Mr. Geery. The Trustee alleges that Mr. Geery refuses to obey the Rule 2004 order, and refuses to respond to the Trustee's investigation. The Trustee stated in response to Mr. Hale's Motion to Pay Second Trust Deed that she believes Mr. Geery's interest is avoidable in a similar fashion as the other recorded trust deeds on the Idaho properties but is unable to confirm this belief without further inquiry of Mr. Geery.

---

[2] The appealed Sale Order specifically provides that the exemption proceeds were to be held pending further investigation regarding any waste.

The second motion, the Motion for Turnover of Funds, sought an order requiring the chapter 13 Trustee to turn over any funds on hand remaining from Mr. Hale's chapter 13 payments. It also sought an order requiring the chapter 7 Trustee to turn over his exemption proceeds from the sale of the Salt Lake City property. In response, the chapter 7 Trustee argued that Mr. Hale's exemption under the Sale Order is subject to setoff for waste on the property. She argues that because Mr. Hale continues to refuse the Trustee access to the property, she cannot yet ascertain the Debtor's allowed exemption amount.

The third motion, the Motion to Clarify, did not seek any specific relief but alleged that the Trustee has a conflict of interest in this case and is not prosecuting Mr. Hale's case in the best interests of creditors. The Motion could be characterized as a Motion to Remove the Trustee. He argues that the Trustee has a financial incentive to keep this case in chapter 7 and to delay its administration.

The fourth motion, the Motion to Abandon, sought an order compelling the Trustee to abandon the estate's interest in the 6th Street and the 9th Street properties in Idaho. The Motion alleged that the estate lacks any equity in the properties. The Trustee has filed a Notice of Intent to Abandon the 6th Street property, and responded to the Motion to Abandon by arguing that the estate has an equity interest in the 9th Street property. Indeed, on January 3, 2007, the Trustee filed a Motion to Sell the 9th Street property for approximately $108,000.

The fifth motion, the Motion for Adequate Protection, sought an order requiring the Trustee to pay utilities and mortgages for the Idaho properties. The Trustee's objection argued that Mr. Hale lacks standing to seek adequate protection, and argued that any creditor secured by the properties is adequately protected in any case.

In connection with these motions, Mr. Hale issued subpoenas to the Trustee and her attorneys requiring them to appear and produce documents at the January 3, 2007 hearings. The Trustee moved to quash these subpoenas, arguing that they were issued by Mr. Hale personally even though he is not licensed to practice law in the state of Utah, that he failed to tender the associated witness fees with the subpoenas, and that the form of the subpoenas was faulty. After notice, the Court held a hearing on the Trustee's Motions to Quash on January 2, 2007. Mr. Hale did not appear. Finding the Trustee's arguments valid, the Court granted the Motions to Quash.

On the morning of January 3, 2007, the date set for the hearings on the above five motions, Mr. Hale filed a Motion to Remove the Trustee and her law firm, a Motion to Recuse Judge William T. Thurman, a Response to the Trustee's Opposition to the Motion to Clarify, and a Motion to Defer all IRS Issues to the Tax Court in Washington DC. The Motion to Recuse stated that Mr. Hale had been indicted by a Federal Grand Jury for False Bankruptcy Oath, Concealment and False Information and Hoax. The Motion was also accompanied by a letter addressed to the Court, stating that Mr. Hale would not appear for the January 3, 2007 hearings. He therefore requested that the Court continue the scheduled hearings. In recognition of Mr. Hale's request, the Court granted that motion and continued the scheduled hearings in open court without date.

As of this Memorandum Decision, Mr. Hale has a pending Motion for Sanctions under Bankruptcy Rule 9011 against the Trustee. Through her Response to the Motion to Turn Over Funds, the Trustee has also requested sanctions against Mr. Hale for filing frivolous motions.

    7.    <u>Motions to Recuse</u>:

As stated, Mr. Hale filed a Motion to Recuse on January 3, 2007. The Motion requested that Judge Thurman recuse himself from this case because of the appearance of impropriety based on Mr. Hale's intent to call Judge Thurman as a witness in connection with his criminal case. Mr. Hale did not schedule a hearing on his Motion to Recuse, but on January 5, 2007, he filed a second Motion to Recuse. The second motion alleges that Judge Thurman is biased against Mr. Hale and states that if the Court fails to recuse itself within three days "it will be cause to move to the District Court." The Motion further alleges that Judge Thurman "has been intellectually and judicially dishonest by refusing to recognize that he must cease and desist from any further motions in this case that are expensive, overly burdensome, retaliatory, and extremely stressful to Dr. Tom Hale."

## III. ANALYSIS

### A. Motion to Recuse:

Under 28 U.S.C. §§ 144 and 455, a federal judge is required to recuse himself from a case where "his impartiality might reasonably be questioned" or he "has a personal bias or prejudice concerning a party." A court has significant discretion in determining whether recusal in a case is appropriate, but should not simply ere on the side of caution. Specifically, the Tenth Circuit Court of Appeals stated in United States v. Burger that "there is as much obligation for a judge not to recuse when there is no occasion for him to do so as there is for him to do so when there is."[3] Conclusions or opinions are an insufficient basis upon which a court should decide to recuse itself.[4] The relevant test is to consider "whether a reasonable person, knowing all the

---

[3] 964 F.2d 1065, 1070 (1992) (citing Hinman v. Rogers, 831 F.2d 937, 938 (10th Cir. 1987)).

[4] Id.

14

relevant facts, would harbor doubts about the judge's impartiality."[5] Bias must be from "an extrajudicial source, and not solely from information gained in the course of [judicial] proceedings."[6] Likewise, bias may not be established by the mere presence of unfavorable rulings, even where that number is extraordinarily high.[7] Thus, a judge should not recuse him or herself from a case simply because he or she may be called to testify in an unrelated case regarding proceedings before the judge.[8]

Under this standard, the Court declines to recuse itself; indeed, under Burger, the Court is obligated *not* to recuse itself. The Court has carefully reviewed the record in this case, as evidenced by the lengthy background reproduced above. After a careful review, the Court does not find any evidence or suggestion that Judge Thurman has a bias in this case. Nor does the record suggest the appearance of impropriety on the part of the Court. Whereas the Court has granted several motions in this case which may have had adverse affects on Mr. Hale personally, there is no indication that the Court's rulings have been motivated by personal bias. The Court also notes that the record contains other orders and rulings which favor Mr. Hale. The Court has routinely addressed each matter in this case on the record with detailed findings of fact and conclusions of law, so that any party in interest may understand its reasoning. Finally, there are no allegations that Judge Thurman has been involved with extrajudicial statements or contacts. Any alleged errors in the Court's prior decisions are the subject of appeals already filed by Mr. Hale. Accordingly, the Court determines that recusal in this case is inappropriate in this case.

---

[5] Id.
[6] In re Beverly Hills Bancorp, 752 F.2d 1334, 1341 (9th Cir. 1984).
[7] Id. at 1341.
[8] See In re Jenkins Clinic Hospital Foundation, Inc., 861 F.2d 720 (6th Cir. 1988) (Unpublished Decision).

B.  Motion to Transfer this Case to District Court:

Although unclear, it appears Mr. Hale's Motion to Recuse also constitutes a Motion to Transfer this case to the District Court for the District of Utah. Specifically, the Motion states on Page 2: "This is a formal notice for removal of reference requiring Judge William T. Thurman to rule on the Recusal Motions now before him for review and disposition prior to seeking relief before the District Court." The Court interprets this language to request that the case be transferred to the District Court.

The local rules for the District Court for the District of Utah provide specific procedures governing motions requesting a transfer from the Bankruptcy Court to the District Court. D.U.Civ.R. 83-7.2(a)(3) provides that a party seeking transfer must file a motion in the bankruptcy court certifying that cause exists for the withdrawal of the case, and specifying the alleged cause. D.U.Civ.R. 83-7.2(f) provides that upon submission of a motion to transfer, the clerk of the bankruptcy court must transmit a certified copy of the motion to the clerk of the district court. It also states that the effect of such motion is governed by Bankruptcy Rule 5011(c). That rule provides that the filing of a motion to transfer does not stay administration of the case unless ordered otherwise.

The Court interprets Mr. Hale's Motion to Recuse as requesting a transfer from this Court to the District Court under D.U.Civ.R. 83-7.2(a). Accordingly, the clerk of this Court should comply with D.U.Civ.R. 83-7.2(f) by transmitting the motion to the District Court.

## IV. CONCLUSION

Mr. Hale's Motions to Recuse should be denied. The clerk of Court should immediately take steps to comply with D.U.Civ.R. 83-7.2(f). A separate order accompanies this

16

Memorandum Decision.

Service of the foregoing **MEMORANDUM DECISION DENYING DEBTOR'S MOTION TO RECUSE** will be effected through the Bankruptcy Noticing Center to each party listed below.

John Morgan
U.S. Trustee's Office
Boston Building, #100
9 Exchange Place
Salt Lake City, UT 84111

Kevin Anderson
405 South Main Street, Suite 600
Salt Lake City, UT 84111

Tom Hale
1989 South 1000 East
Salt Lake City, UT 84105

Craig Schneider
Internal Revenue Service
150 East Social Hall Avenue, Suite 313A
Salt Lake City, UT 84111

Tom Hale
655 South 6th Street
Pocatello, ID 83201

Tom Hale
P.O. Box 416
Shelley, ID 83274

Elizabeth Loveridge
David Williams
Woodbury & Kesler, P.C.
265 East 100 South, Suite 300
P.O. Box 3358
Salt Lake City, UT 84110-3358

Bryan Cannon
8619 South Sandy Parkway, Building A
Suite 111
Sandy, UT 84070