**The below described is SIGNED.**

(ts)

**Dated: January 07, 2008** _____
**WILLIAM T. THURMAN**
**U.S. Bankruptcy Judge**



_____

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF UTAH

| In re: | Bankruptcy Number: 05-39359 |
|---|---|
| **Tom Hale,** | Chapter 7 |
| Debtor. | |

### MEMORANDUM DECISION ON DEBTOR'S MOTION TO DISMISS

The matters before the Court are multiple Motions to Dismiss (the "Motions" or "Motions to Dismiss") the Debtor, Tom Hale's, bankruptcy case. The present motions have been filed the Debtor, Leon Williams, David Henesh, Glen Combe, Michael Jamison, and Daniel Geery. An evidentiary hearing on these Motions was conducted on December 19, 2007, in Salt Lake City before the Honorable William T. Thurman, Bankruptcy Judge for the District of Utah.

**I.    BACKGROUND**

All of these Motions were considered at the hearing. Mrssrs. Henesh, Combe, Jamison and Geery did not appear at the hearing. Messrs. Henesh, Combe and Jamison filed their respective Motions on December 4, 2007, and appear to the Court to be in support of the Debtor's Motion filed on November 21, 2007. They served their Motions on the Trustee and the

U.S. Attorney. The Motions served on the U.S. Attorney were served to an address that appears to be one for the Internal Revenue Service (the "IRS") in Salt Lake City only. Mr. Geery's Motion was served on the U.S. Trustee, Woodbury & Kesler, and Mr. David Williams. The Trustee was aware of all of these Motions as was the IRS as a creditor. Only the Debtor and Mr. Leon Williams appeared at the hearing in support of the various Motions *pro se*. It is not clear as to whether Mrssrs. Henesh, Combe, Jamison and Geery are creditors of the Debtor. The Court does note that they have filed proofs of claims asserting secured claims and they are defendants in separate adversary proceedings. It does appear to the Court that they all have standing to make these Motions.[1] All of these Motions are related and the Court heard evidence and argument from the Debtor and Mr. Leon Williams in support of them. Mrssrs. Henesh, Combe, Jamison and Geery received notice of the Debt's motion and the Debtor' notice of the present hearing. Accordingly, the Court will address all of the Motions in this ruling.

At the beginning of the hearing, the IRS raised an objection to the participation of Mr. Leon Williams at this hearing asserting a lack of standing. Mr. Leon Williams asserts that he owns a trust deed and promissory note by way of an assignment or sale in the summer of 2007 from Daniel Geery. He further asserts that the trust deed secured real property in Salt Lake City (the "Salt Lake City Residence") which the Debtor owned but was sold by the Trustee in October of 2006. Mr. Geery and Mr. Leon Williams, as his assignee, now claim a secured interest in the proceeds of that sale. Those proceeds along with other cash is held by the Trustee at this time. Mr. Leon Williams stated at the hearing that he filed a proof of claim on the date of

---

[1] As stated elsewhere in this Decision, Mr. Leon Williams asserts to be the assignee of Mr. Gerry and accordingly, Mr. Gerry's standing is more of a question. For the purposes of these motions only, however, the Court finds Mr. Gerry has standing.

the hearing, i.e. December 19, 2007, or documents showing the assignment.  He is not listed or scheduled as a creditor by the Debtor in the Debtor's Statement of Financial Affairs or Schedules.

Mr. Leon Williams is the subject of an adversary proceeding brought by the Trustee seeking to avoid the trust deed as a fraudulent transfer similar to the adversary proceedings commenced by the Trustee against Mrssrs. Henesh, Combe and Jamison.  With all that said, it appears to the Court that as with Mrssrs. Henesh, Combe and Jamison, Mr. Leon Williams has an economic interest in the outcome of this chapter 7 case as a putative creditor sufficient to give him standing to present the current Motion to Dismiss.  Accordingly, the IRS' objection is overruled.

Also appearing at the hearing were Mr. David Williams of the firm of Woodbury & Kesler, counsel for the chapter 7 Trustee, Elizabeth Loveridge the chapter 7 Trustee, and Craig Schneider, counsel for the IRS.  The IRS and the Trustee filed written objections to the Motions on the grounds that, among other reasons, it is not in the best interest of creditors to have this case dismissed.

Also before the Court were the Debtor's Motion for Turnover of Funds and the Trustee's Motion to Quash Subpoenas which are addressed by separate orders.

At the conclusion of the Debtor's and Mr. Leon Williams' case in chief and after their presentation of evidence, the Trustee's counsel moved to dismiss the Motions pursuant to Rules 9014 and 7041 of the Federal Rules of Bankruptcy Procedure on the ground that the movants had failed to establish a *prima facie* case by their evidence.  Arguments were made by all the parties

3

on that matter and the Court elected to take that matter under advisement and issue this Memorandum Decision.

Before making specific findings and conclusions to support the Court's ruling today, the Court deems it appropriate to outline some of the history of this case in order to put this ruling in perspective.

The Court incorporates the findings and conclusions set forth in the written Memorandum Decision dated January 9, 2007 (the "January 9 Memorandum Decision"). That Memorandum Decision provided the findings and conclusions that the Court relied upon in entering and order ("Recusal Order") denying the Debtor's Motion to Recuse ("Motion to Recuse") and directed the Clerk of the Bankruptcy Court ("Clerk") to transmit portions of the Recusal Order to the United States District Court for the District of Utah (the "District Court") as it appeared that the Debtor was also seeking withdrawal of reference. The Clerk so transmitted. In addition, the Debtor appealed the Recusal Order to the Tenth Circuit Bankruptcy Appellate Panel (the "BAP"). The BAP transmitted the appeal to the District Court which consolidated the two matters. The District Court dismissed the appeal on May 21, 2007. The January 9 Memorandum Decision lays out the history of this case and assists in putting the present Motions in context. The Court adopts each and every finding and conclusion made in that Memorandum Decision.

Part of the findings in the Memorandum Decision refer to the Debtor's Emergency Motion to Dismiss (the "Emergency Motion") his chapter 7 case filed on October 23, 2006. In that motion, he asserted three main arguments that supported an immediate dismissal of his case at that time: (1) the Debtor can handle the claims of the IRS better outside of bankruptcy, (2) a

4

chapter 7 case is not in the best interest of other creditors because of the accruing chapter 7 administrative costs, and 3) the IRS is not cooperating with the Debtor in reasonably addressing its claims. This latter reason is closely aligned to the first one. The Court entered an order denying the Emergency Motion on November 13, 2006. The Debtor appealed that order to the BAP. The BAP dismissed the appeal for lack of prosecution.

Other related prior findings of the Court need to be recited as well. The Trustee filed a Motion to Sell the Debtor's Salt Lake City Residence in September of 2006. On or about the same time, the Debtor filed a Motion to Convert his case to one under chapter 13. At the hearing on the Motion to Sell, the Debtor argued all of the basis for his Motion to Convert, although he had scheduled another date for the same. The Court entered an order granting the Motion to Sell on October 19, 2006. An order denying the Motion to Convert was entered on October 20, 2006. The Debtor appealed both orders to the BAP. Those appeals were dismissed for failure to prosecute. No appeal was taken to the Tenth Circuit Court of Appeals, and no motions for reconsideration or modification were filed with this Court under Rules 60(b), 59(d) or (e) of the Federal Rules of Civil Procedure with respect to any of the prior orders.

The current Emergency Motion of the Debtor to Dismiss was filed on November 21, 2007. His argument in the present motion is that the case should be dismissed because the IRS is not cooperative and has forced him into bankruptcy, that the Court erred in granting the Motion to Sell, the Court erred in denying the Debtor's prior Motion to Convert to chapter 13, and that the Trustee is incurring improper administrative costs. These are essentially the same arguments made over one year ago in connection with the Debtor's first Emergency Motion to Dismiss, the Motion to Convert, and the Debtor's objection to the Trustee's Motion to Sell.

The findings of the Court made in its prior rulings, including the November 13 Order denying the prior Emergency Motion to Dismiss, the Order Denying Motion to Convert and the Order Granting Motion to sell property are now the law of the case. The parties and the Court are bound by these findings, and any re-argument or reconsideration of those findings is inappropriate at this time unless an exception can be found. None of the movants cited a basis for the Court to modify its prior rulings. Although not argued by the movants, Rule 60(b)(1), (2) and (3) of the Federal Rules of Civil Procedure provides for reconsideration of prior matters within one year of the final order. The current Motions were filed more than one year after the entry of all prior relevant orders. As a result, it is improper to reconsider those same matters at this time. Further, if the Court erred in its prior rulings, it is up to the appellate courts to correct that error. The Debtor has elected not to prosecute his appeals and they were dismissed accordingly. If, however, there are events and other matters which have occurred subsequent to the Court's prior rulings referenced above, and if they are presented and received in evidence or otherwise given judicial notice, they may be considered by the Court at this time.

The additional evidence presented or otherwise noted at the hearing on December 19 is as follows:

1. All other appeals filed by the Debtor with the BAP or the District Court and his request to Withdraw Reference have been dismissed and the mandates issued. There are no pending appeals to the Tenth Circuit Court of Appeals. The time for taking such appeals has passed.

2. The Trustee has filed four adversary proceedings (the "adversary proceedings") seeking declaratory relief and/or avoidable transfer relief against the following individuals on

June 21, 28, and July 2, 7, 2007, respectively: Daniel Geery, Joseph L. Williams, David Hensh, Glen A. Combe, James Pitchford, Michael Jamison, and the Debtor, Tom Hale. These are the same individuals who have filed the current Motions.

    3. The Adversary Proceedings are at various stages of litigation. Some discovery has been initiated. The Court takes judicial notice that some of the defendants have not responded to the complaints and the Trustee has moved for default judgments. The Court has conducted scheduling hearings as required by Rule 7016 of the Federal Rules of Bankruptcy Procedure and appropriate orders have been entered governing the progress of these adversary proceedings. The Court has elected so far not to grant default judgments in these Adversary proceedings believing that it would be more appropriate to have a presentation of evidence so that the Court may make appropriate findings and conclusions.

    4. Most of the property of the estate has been administered by the Trustee including the sale of the Debtor's Salt Lake City Residence and the sale of an apartment complex in Pocatello, Idaho. An additional apartment complex in Pocatello was abandoned by the Trustee.

    5. Several other hearings have been held at the request of the Trustee including motions to compel discovery, and a motion for protective order filed by Daniel Geery.

    6. At the present time, based on the proofs of claims on file and the claims registry, there are $436,610.04 in unsecured claims, $454,464.61 in secured claims and $234,229.89 in priority claims for a total of $1,127,304.54 in claims filed. The Court has not undertaken an analysis to determine if these claims are allowable, duplicative or objectionable, only to report that this is the status of the claims docket. The priority claims have been filed by the IRS, the Utah State Tax Commission and the Idaho State Tax Commission. The secured claims may or may not still

exist because of the Trustee's liquidation and abandonment of property of the estate. As of the date of the hearing, however, they had not been withdrawn.

7. The Trustee has incurred costs and expenses in administering the property of the estate and pursuing collection and avoidance of secured claims. The Trustee estimates that her attorneys have claims amounting between $95,000 to $100,000. She also claims around $30,000 in trustee's fees and there are other professionals whose claims are yet undetermined.

8. The Trustee is holding $133,000 in cash from sales of property of the estate or as a result of other administration. This sum includes proceeds relating to the sale of the Sale Lake City Residence, a portion of which is claimed by Mr. Leon Williams as a secured creditor and assignee of Daniel Geery, and $20,000 claimed by the Debtor as his homestead exemption. One of the Adversary Proceedings filed by the Trustee is seeking to avoid the trust deed originally given to Daniel Geery and now held by Mr. Leon Williams.

9. The former Chapter 13 Trustee Kevin Anderson is holding $6,076.00 in his account pending a further order from this court as to directions.

10. The Debtor was indicted by the United States Attorney in December of 2006 on charges of false bankruptcy declaration, false bankruptcy oath, concealment, false information and hoax. A trial on those matters is set for January 14, 2008, in the District Court. The indictment is related to alleged conduct in this bankruptcy case.

11. The Debtor has filed some amendments to his Statement of Financial Affairs or his Schedules since the ruling on October 2006, and among other things, listed his IRA in the amount of $220,000 on Schedule B which was not scheduled previously.

It is within these parameters that the Court considers the present Motions and the Motion to Dismiss brought forward by the Trustee's counsel at the end of the movant's case.

## II. JURISDICTION AND VENUE

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(G). Venue is appropriate under 28 U.S.C. § 1408(1). Notice for consideration of the Motions is deemed and found appropriate in all respects. It is also deemed appropriate for the Court to consider the Motions to Dismiss filed by the others since they received notice of the Debtor's Motion.

## III. ANALYSIS

As a contested matter, Rules 9014 and 7052 of the Federal Rules of Bankruptcy Procedure apply to this case and allow the Court to enter a judgment as a matter of law against the moving party and dismiss the case without the opposing party going forward with any further evidence or arguments where the moving party has failed to establish any set of facts that support its *prima facie* case.[2] See e.g., Roth v. American Hosp. Supply Corp., 956 F.2d 862 (10th Cir. 1992) ("After the plaintiff, in an action tried by the court without a jury, has completed the presentation of evidence, the defendant ... may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. The Court as trier of the facts may then determine them and render judgment against the plaintiff.").

---

[2] Rule 7052 of the Federal Rules of Bankruptcy Procedure incorporates Rule 52(c) of the Federal Rules of Civil Procedure, which states that "If during a trial without a jury a party has been fully heard on an issue and the court finds against the party on that issue, the court may enter judgment as a matter of law against that party with respect to a claim or defense that cannot under the controlling law be maintained or defeated without a favorable finding on that issue." FED. R. CIV. P. 52(c).

Section 707(a) of the Bankruptcy Court states that "[t]he court may dismiss a case under this chapter only after notice and a hearing and only for cause, including (1) unreasonable delay by the debtor that is prejudicial to creditors, or (2) nonpayment of any fees or charges required . . . and (3) failure of the debtor in a voluntary case to file [certain] information required."  Section 707(b) is not applicable because that section refers dismissal of the case by the court sua sponte or on motion by the U.S. Trustee.

The burden is on the moving party—in this case the chapter 7 Debtor and the others—to show that cause exists to dismiss the case.  In <u>In re Stephenson</u>,[3] the court gave some guidance on determining whether to dismiss a case.  The Court finds it instructive here.  The court in <u>Stephenson</u> stated, "[w]hereas the Court has significant discretion in finding that cause exists in a case, dismissal is not appropriate where a creditor will suffer some legal harm or injury."[4]  On the other hand, if the Debtor in this case could show the Court that dismissal is in the best interest of all creditors, the Court would likely be inclined to find that cause exists to dismiss the case.

Through their Motions, the Debtor and Leon Williams argue that dismissal is in the best interests of the creditors because the Debtor can better treat his debts outside of the bankruptcy process and that the Trustee has mismanaged the estate.  In support of his position, the Debtor noted in his motion "[a] dismissal will guarantee no more prosecutions, multiple hearings, and discovery requests will be initiated."  Each of the other movants, i.e. David Hensh, Glen A. Combe, James Pitchford, and Michael Jamison, state that dismissal would be in the best interest

---

[3] 262 B.R. 871 (Bankr. W.D. Okla. 2001) (Bohanon, J.).

[4] <u>Id</u>. at 874.

10

of creditors and that they resent the Trustee's law firm's intrusion into their private lives.  Mr. Gerry's Motion is more of a summary of his objection to the adversary proceeding brought by the Trustee.

As to the Debtor's and Leon Williams argument that the Debtor could better treat his debts outside the bankruptcy process, neither have presented sufficient evidence to support this claim.  The Chapter 7 Trustee has already sold the Debtor's home and apartment complex and is holding proceeds of those sales.  Under section 349 of the Bankruptcy Code dismissal would not avoid or undo either sale.  There has been no evidence presented as to how, when or how much the Debtor would pay his creditors if the case was dismissed at this time.

The chapter 7 Trustee is in the best position to disburse money to creditors and determine claims.  There are significant matters yet to be considered including resolving the proofs of claims that have been filed, resolving the Adversary Proceedings and consideration of the Debtor's homestead claims. The bankruptcy code provides a clear structure of priorities and built-in protections for creditors.  It further provides for the appointment of a disinterested person, i.e. the Trustee, who is bound to protect the interest of all creditors to supervise the liquidation and administration of the estate.

If the main bankruptcy case is dismissed, it is likely that the Court will need to dismiss the adversary proceedings for lack of jurisdiction.  There are serious allegations raised in the adversary proceeding about the Debtor's integrity that the Debtor and the others contest and they should want and need a forum to voice their concerns and defenses.  The argument that the movants other than the Debtor dislike the Trustee's inquiries into their private lives is also not a ground for dismissal.  The allegations in the Adversary proceedings indicate that these same

parties have received fraudulent transfers and an inquiry into those matters is appropriate, and a desire to be immune from inquiry is not a basis for dismissal. Although it might be in the movants' best interests not to be sued, that is not in the best interest of creditors.

The Tenth Circuit Court of Appeals has stated that trustees have a duty to "survey the landscape in search of property of the estate, defenses to claims, preferential transfers, fraudulent conveyances and other causes of action that may yield a recovery to the estate" with an undivided loyalty to the estate and all interested parties.[5] In carrying out these duties, a trustee must "cast a jaundiced eye and scowling mien" on "everyone in sight."[6] Accordingly, it appears that the Trustee is carrying out her responsibilities as instructed by the Tenth Circuit. If the Trustee is successful in these adversary proceedings, she may enhance the estate with more cash for priority and unsecured creditors. If the case is dismissed, resolution of these claims will likely not occur. Therefore, it is improper for the Court to dismiss the case where these allegations and other matters are still outstanding and particularly without a well articulated plan for payment by the Debtor and without resolution of the outstanding claims. Contrary to the Debtor's and Mr. Leon Williams' assertions, creditors would be harmed if the case is dismissed.

The Debtor also states in his motion that a dismissal "will guarantee no more prosecutions." The Debtor is the only party that the Court is aware of that is being criminally prosecuted in the District Court. This Court has no jurisdiction over criminal prosecutions. Further, the Court does not believe it should provide any comment or ruling for ending the prosecutions. That is for the District Court to determine.

---

[5] In re Interwest Business Equipment Inc., 23 F.3d 311, 316 (10th Cir. 1994)

[6] Id.

As stated earlier, the arguments made in the current Motions (except for those made by the parties not appearing at the hearing) are essentially the same as were made by the Debtor over one year ago and have been ruled upon. A combination of principles of res judicata, law of the case,[7] plus the one year bar provided in Rule 60(b)[8] prevents the Debtor from rearguing those matters in the present Motions. Even if the Court were to consider these arguments, the Court is not persuaded that a dismissal of the case would be in the best interest of all creditors.

The Debtor raised an issue in his Emergency Motion last year regarding the adjudication of the tax obligation he might have with the IRS. Prior to the date of the December 19 hearing, the Debtor filed several documents and affidavits which appear to relate to the dispute between the Debtor and the IRS that might be pending in the United States Tax Court. No argument, however, was made with respect to those at the December 19 hearing, nor were any of the affidavits offered or received into evidence. Accordingly, it is difficult for the Court to address what, if anything new, is claimed by the Debtor or how these documents relate to whether a dismissal is in the best interest of creditors.

One final new matter was presented at the December 19 hearing that was not specifically addressed in last year's motion. The Debtor and Mr. Leon Williams point out that the current administrative claims exceed the current cash on hand which may not have been the case last

---

[7] In re Meridian Reserve, Inc., 87 F.3d 406, 409 (10th Cir. 1996) ("The law of the case is a judicial doctrine designed to promote decisional finality. Once a court decides an issue, the doctrine comes into play to prevent the re-litigation of that issue in subsequent proceedings in the same case. The doctrine applies to issues previously decided, either explicitly or by necessary implication.") (internal citations omitted).

[8] Rule 60(b) of the Federal Rules of Civil Procedure made applicable to bankruptcy cases by Rule 9024 of the Federal Rules of Bankruptcy Procedure provides, in pertinent part, that on a motion and just terms, the court may relieve a party from a final judgment or order may be obtained for mistake, inadvertence, surprise, excusable neglect, newly discovered evidence which by due diligence could not have been discovered earlier, and fraud but only if such motion was made no more than one year after the entry of the judgment or order.

year. The Debtor argued last year that the Trustee was incurring large sums for administrative expenses. That was not a basis for dismissal for last year's motion nor is it a proper basis for the Motions this year. Further, it is not axiomatic that even with the amount of administrative claims, Leon Williams will not be paid his secured claim nor is it a determination that the Debtor will not be paid his homestead exemption. Those determinations are yet to be made. It is rare but not all that uncommon to see a case such as the present one where administrative expenses have been incurred and could completely absorb all available funds on hand with the Trustee. Therefore, a dismissal on those grounds alone is not warranted.

It is important to note that additional protections remain available for creditors. The Court has jurisdiction and indeed the final word on what, if anything, is to be paid to professional administrative claimants based on separate and detailed fee applications that will be considered after notice and a hearing. No fee applications, except for the realtor's fee associated with the sale last year, have yet been presented to the Court for approval. All creditors and parties in interest must receive notice of the applications and are entitled to object and attend hearings on the request for approval. The Court must find that the fees requested have been actual, reasonable, and necessary. The movants have presented insufficient evidence that the incurring of the present estimated fees was improper or unnecessary. The amounts are relatively high and at the end of the case may exceed the funds on hand. If that happens to be the case, the allowed administrative claimants would share pro rata according to the priorities established by the Bankruptcy Code. It may be that the priority and unsecured creditors will not be paid at all. Whether that will happen, however, is uncertain at this time and has not yet occurred. The Court believes that the Trustee has and continues to act within the business discretion afforded to her

as a trustee, and without adequate evidence supporting allegations that the Trustee has abused that discretion, the present administration of the case by the Trustee is not a ground for dismissing the case.

One final matter must be addressed. The Debtor is an attorney with over 20 years experienced. He should know that the principles of res judicata and law of the case prevent rearguing matters previously determined. The Debtor did not cite any exception to this principle. The Debtor should be advised that he should not bring matters back before the Court which have previously been ruled upon unless a specific exception, rule, or statute can be presented that would allow the Debtor to reargue his position.

Based upon the foregoing, the Court determines that Trustee's Motion to Dismiss the Movants' motions should be granted and the case should not be dismissed. The Court specifically finds that all movants have failed to carry their burden to show that dismissal of the case would be in the best interests of creditors. Accordingly, all of the movants' motions to dismiss the Debtor's bankruptcy case are denied. A separate order granting the Trustee's Motion to Dismiss and denying all of the movants' motions will accompany this Memorandum Decision.

_____END OF DOCUMENT_____





_____ooo0ooo_____

## SERVICE LIST

Service of the foregoing **MEMORANDUM DECISION** will be effected through the Bankruptcy Noticing Center to each party listed below.

Tom Hale
655 S. 6th Street
Pocatello, ID 83201

Tom Hale
P.O. Box 416
Shelley, ID 83274

Tom Hale
1989 South 100 East
Salt Lake City, UT 84105

Glen Combe
52 Cedar Hills Drive
Pocatello, Idaho 83201

Michael Jamison
1620 Jade
Pocatello, Idaho 83201

Daniel Geery
1987 S. McClelland
Salt Lake City, Utah 84105

Daniel Geery
1064 East Hollywood Street
Salt Lake City Utah 84105

David Henesh
16160 E. Highway 124
Waitsburg Washington 99361

Leon Williams
P.O. Box 416
Shelley, Idaho 83274

Elizabeth R. Loveridge
Woodbury & Kesler, P.C.
265 East 100 South, Suite 300
P.O. Box 3358
Salt Lake City, UT 84110-3358

David A. Nill
Woodbury & Kesler
265 East 100 South, Suite 300
P.O. Box 3358
Salt Lake City, UT 84110-3358

David R. Williams
Woodbury & Kesler
265 East 100 South, Suite 300
P.O. Box 3358
Salt Lake City, UT 84110-3358

R. Craig Schneider
Office of Chief Counsel, IRS
150 East Social Hall Avenue, Suite 313A
Salt Lake City, UT 84111-1504

Office of the United States Trustee
Attn: Rayla Meyer
Ken Garff Bldg.
405 South Main Street, Ste. 300
Salt Lake City, UT 84111